RAYMOND KING, trustee[1] *vs.* ZONING BOARD OF APPEALS OF CHATHAM. No. 90-P-42. April 18, 1991. *Zoning,* By-law.

Under G. L. c. 40A, § 6, subdivision plans meeting certain conditions are governed by the zoning law in effect at the time of the first submission of the plan to the planning board. The plaintiff's plan met these conditions and the only question at issue is what was the zoning law in effect on November 9, 1984, the date of the plaintiff's first submission. The facts are undisputed.

Prior to May 14, 1984, the plaintiff's entire parcel was within a business zoning district called "GB3(d)." This zoning district extended along Route 28 in Chatham to a distance of 500 feet back from Route 28. The land beyond 500 feet from the highway adjacent to the GB3(d) district was zoned for residential use. The plaintiff's land extends 377.99 feet back from Route 28.

A town meeting vote of May 14, 1984 amended the zoning by-law "by deleting the number five hundred and substituting therefor the number three hundred" and by "amend[ing] the Zoning Map, Town of Chatham, Massachusetts, accordingly." After a resolution was passed requesting the chairman of the board of selectmen to appoint a committee to make suggestions on the need for zoning changes and to report with recommenda-

---

[1]King is trustee of Chatham Development Trust.

tions to the next town meeting, it was voted that the amendment at issue, as well as others, would expire on November 15, 1984.

On November 13, 1984, a special town meeting was held, and by Article 6 the town voted, with respect to the land adjacent to Route 28 in zone GB3(d), to "delete the present description and substitute therefor the following new description:

> "Bounded northerly by an irregular line 300 ft. from, and parallel to, Route 28 and by [other metes and bounds]"
> "Redesignate those areas removed from the present Zone GB3(d), which are not specifically redesignated within Appendix III, to conform with the adjacent Residential Zoning District."

When the plaintiff sought to implement his subdivision plan, the zoning officer refused to grant the necessary permits. On appeal, the zoning board of appeals of Chatham upheld the zoning officer, and on further appeal by the plaintiff, a judge of the Superior Court denied the plaintiff's motion for summary judgment. He determined that the zoning in effect at the time of the plaintiff's November 9, 1984 filing permitted GB3(d) uses for 300, not 500, feet south of Route 28. The remaining 77.99 feet of the plaintiff's land could only be used for residential purposes. A different judge ordered entry of summary judgment in favor of the defendant zoning board of appeals. On the record before us,[2] we see no error, and accordingly affirm the judgment.

Although the May 14, 1984 vote did not specifically state how the 200 feet excised from district GB3(d) were to be zoned, the motion judge, noting that the land of Chatham was fully zoned, refused to accept the plaintiff's contention that the May vote intended to create an unzoned district between the residential and the GB3(d) district.[3] He construed the vote "as intending to move the line separating the GB3(d) district and the [residential district] to a point 200 feet closer to the highway. Inferentially, the intention was to have [the residential district] extended this 200 feet."

We agree with this construction.[4] The plaintiff's interpretation that the 200 feet remained unzoned, and hence all uses were permitted on that

---

[2]The record does not contain the zoning by-law of the town or the report of any committee established pursuant to the resolution of the May town meeting.

[3]At the May meeting, the town voted a number of other by-law amendments which on examination appear to restrict commercial use. At oral argument before this court, both counsel confirmed that the May votes on the by-laws limited commercial uses.

[4]The plaintiff argues from the word "present" in the portion of the November, 1984 amendment which "redesignate[s] those areas removed from the present zone GB3(d) which are not specifically redesignated," see text, *supra*, that the town viewed those areas as not residential. We reject this reading and consider the November redesignation merely a clarification of the May vote which intended, but did not specifically state, that the 200 feet would be in the residential zone.

land, is counter to the obvious intent of the vote to place greater restrictions on the land. An alternate construction urged by the plaintiff — that the omission of a statement as to which zone covered the 200 feet means that the prior by-law governed and that the GB3(d) district continued for the whole 500 feet — would entirely nullify the May vote. "The construction of [a zoning by-law] which leads to a determination that a piece of legislation is ineffective will not be adopted if the [by-law] language 'is fairly susceptible to a construction that would lead to a logical and sensible result.' " *Adamowicz* v. *Ipswich*, 395 Mass. 757, 760 (1985), quoting from *Lexington* v. *Bedford*, 378 Mass. 562, 570 (1979).

Consistent with the requirement that we must construe the zoning by-law, which "in certain respects lack[s] precision" and contains a gap, in a manner "to effectuate the town's intent," *Southern New England Conference Assn. of Seventh-Day Adventists* v. *Burlington*, 21 Mass. App. Ct. 701, 709 (1986), we adopt the construction of the motion judge.

*Judgment affirmed.*

*Steven S. DeYoung* for the plaintiff.
*Bruce P. Gilmore*, Town Counsel, for the defendant.


